(14 Misc. Rep. 9.)

### SMITH v. CAPUTO.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—EVIDENCE OF PAROL LEASE.
    In summary proceedings, it appeared that, defendant being in possession as an undertenant, one J. promised him a lease of the land "when he [J.] got his deed," but that J. never got the deed, the property being conveyed to plaintiff. The only evidence of J. being· plaintiff's agent was that they were connected in business. No ratification of J.'s promise by plaintiff was shown, defendant testifying that after plaintiff acquired title he promised to give him the lease on the terms proposed by J., and drew a lease, which defendant refused to execute because it did not include the premises in question. *Held*, that there was no evidence that plaintiff leased the premises to defendant.

Appeal from Second district court.                  •

Summary proceeding by John Boyce Smith against Vincenzo Caputo to recover the possession of land.   Judgment was rendered for defendant, and plaintiff appeals.   Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Chas. A. Runk, for appellant.
William E. Cook, for respondent.

BISCHOFF, J.   The sole issue litigated upon the trial in this proceeding was as to the existence of an oral agreement of lease for one year of the premises No. 197½ Worth street.   The respondent, Caputo, had been in possession of the premises Nos. 197 and

197½ Worth street, as undertenant of one Moriarty, whose lease from the original owners of the property expired May 1, 1895, after which date the appellant claimed that Caputo unlawfully held possession of No. 197½. No question was raised with regard to his possession of No. 197. On behalf of the respondent it was shown that one James Z. Smith promised him a lease of "the house," at a rental of $80 a month, "when he [Smith] got his deed." As a matter of fact, James Z. Smith never obtained a deed of the property, it having been sold to the appellant at auction, and the latter thereafter took title. Moreover, there was no proof of agency in James Z. Smith to make any contract of lease for the appellant; hence, no question of estoppel, as relied upon by the respondent, appears in the case. The only evidence in this regard was that the appellant and James Z. Smith were "connected in business." This, of course, was no sufficient proof of a general agency. No subsequent ratification by the appellant is predicable of James Z. Smith's acts, since it does not appear that the latter assumed to act for the former. Kirchner v. Schmid, 7 Misc. Rep. 455, 460, 25 N. Y. Supp. 85. The remaining evidence in support of the defense was that after the appellant took title he personally agreed to give "the lease" at $80 a month, and at that time, in the respondent's presence, drew a lease of the premises No. 197 Worth street, which lease the respondent took away with him for examination. That instrument was never executed by either party, and, furthermore, was repudiated by the respondent because it did not embrace the premises 197½. It thus appears that there was a complete failure of proof that the appellant at any time agreed to lease the premises in suit—197½ Worth street—to the respondent. The respondent failed to show that these premises were in the contemplation of both parties, and the appellant's understanding was clearly set forth in the written proposed lease, drawn at the time of the alleged oral agreement. The aggregatio mentium essential to a valid contract was conspicuously wanting. Final order reversed, and new trial ordered, with costs to the appellant to abide the event.